IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03357-WJM-KLM

GUY DEFAZIO,

Plaintiff,

v.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC., a Maryland corporation,

Defendant.

---

**PROTECTIVE ORDER**

---

Upon ~~a showing of good cause in support of the entry of~~ *request of the parties to enter* a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This protective order shall be applicable throughout the pendency of this action and after final resolution of this litigation. Certain documents and/or other information or testimony that one or more of the parties may claim potentially constitutes confidential, proprietary or trade secret information, private third-party information and customer information, and/or private records (including potentially sensitive medical information) or information relating to current and/or former employees and/or customers and/or Plaintiffs former employment, may be produced, disclosed, demanded, or otherwise provided, through discovery in this action. Any such documents that the parties believe in good faith constitutes such information, may be

designated "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the provisions set forth herein.

2.   No documents, discovery, deposition testimony or examination specifically designated as "Confidential" shall be disclosed to or discussed with any person except: (a) a party in this action and officers, directors and employees, including temporary or contract employees, of an entity party who are assisting counsel, but only to the extent that such disclosure is deemed reasonably necessary by such counsel for the conduct of this litigation; (b) counsel for each party; (c) experts, agents or consultants of such party who are not otherwise employees of the party, but only to the extent disclosure is deemed reasonably necessary for the consultant's, expert's or agent's work, and only for as long as is necessary for the performance of his/her expert or consulting services, and such expert or consultant may use such information only for the purpose of providing assistance to counsel on this litigation; (d) pursuant to legal process; (e) the Court, filed under seal and subject to the terms and provisions of this Agreement; (f) employees and former employees of the designating party, if reasonably necessary for the purposes of the litigation, persons who have prepared or assisted in the preparation of such documents, or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is reasonably necessary for the conduct of this litigation, and provided that such persons may not retain any "Confidential" documents and/or information obtained as a result of this litigation; (g) mediators retained by the parties to mediate this matter; and (h) court reporters or other personnel employed to record deposition testimony. All experts, consultants, mediators and persons employed to record deposition testimony and any other

person to whom such confidential information will be disclosed pursuant to this provision, shall agree to be bound by the terms of this protective order.

3. No documents, discovery, deposition testimony or examination specifically designated as "Confidential – Attorneys' Eyes Only" shall be disclosed to or discussed with any person except: (a) counsel for each party; (b) experts, agents or consultants of such party who are not otherwise employees of the party, but only to the extent disclosure is deemed reasonably necessary for the consultant's, expert's or agent's work, and only for as long as is necessary for the performance of his/her expert or consulting services, and such expert or consultant may use such information only for the purpose of providing assistance to counsel on this litigation; (c) pursuant to legal process; (d) the Court, filed under seal and subject to the terms and provisions of this Agreement; (e) employees and former employees of the designating party, if reasonably necessary for the purposes of the litigation, persons who have prepared or assisted in the preparation of such documents, or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is reasonably necessary for the conduct of this litigation, and provided that such persons may not retain any "Confidential – Attorneys' Eyes Only" documents and/or information obtained as a result of this litigation; and (f) court reporters or other personnel employed to record deposition testimony. All persons employed to record deposition testimony, experts, consultants and any other person to whom such confidential information will be disclosed pursuant to this provision, shall agree to be bound by the terms of this protective order.

4. When used in this Order, the word "document(s)" means all written, recorded, electronic or graphic matters created and whatever the medium on which it was produced or

EMPLOY\896176.1

reproduced, including but not limited to, documents produced by agreement, and may also include deposition transcripts and exhibits and electronic data, files and records.

5. "Confidential" or "Confidential – Attorneys' Eyes Only" documents shall be designated by marking each page of the document with the legend "Confidential" or "Confidential – Attorneys' Eyes Only." Documents produced by a non-designating party, may be marked by another party as "Confidential" or "Confidential-Attorneys' Eyes Only" by providing written notice to all other counsel of record in this action specifically identifying by Bates Number, Bates Number ranges, or other similarly specific description of the documents being designated.

6. It shall be the duty of the designating party to inform all other parties as to which materials that are not in documentary form are to be treated as "Confidential" or as "Confidential – Attorneys' Eyes Only" by designating the information with reasonable particularity.

7. Items or information produced or generated by a non-party shall be treated as "Confidential" for a period of thirty (30) days after their production or disclosure. If, at the conclusion of thirty (30) days, no party has designated the items or information as "Confidential" or "Confidential – Attorneys' Eyes Only" the documents or information shall not be protected. Nothing in this provision shall waive the right to re-designate pursuant to Paragraph 13 below. During the thirty (30) day period, any party may request from any party a determination as to whether specific items or information contain "Confidential" or "Confidential – Attorneys' Eyes Only" information. The party to whom the request is made shall respond within five (5) business days.

8. The parties agree that no documents produced by a party during the course of these proceedings designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used by another party or her, his or its counsel for any purpose other than the litigation of this action.

9. The parties may, based upon separate written agreement of all counsel to this action, provide that certain confidential information be discussed with or shown to specified individuals other than the persons identified in Paragraphs 2 and 3.

10. The party to whom documents have been produced reserves the right to challenge the designation of any documents as "Confidential" or "Confidential – Attorneys' Eyes Only" by moving for an order from the court [pursuant to MJ M's discovery procedures], within 30 days of designation, that the confidentiality designation be lifted. Before bringing such a challenge, the Parties shall meet and confer in good faith in an attempt to resolve the issue without court intervention. The document(s) or testimony will remain confidential until the Court rules on the matter.

11. Information disclosed during depositions may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" either on the record at deposition or within 30 days of receipt of the transcript by any party. Prior to the expiration of the 30-day period, all information disclosed during a deposition shall constitute "Confidential" information unless otherwise agreed by the parties, ordered by the Court, or so designated at the deposition, except that within 30-days of the filing deadline for any Motion for Summary Judgment or Opposition papers thereto, and/or within 30-days of trial, the 30-day presumptive confidentiality period shall be reduced to 7 days. Any document attached to any deposition previously marked as "Confidential" or "Confidential – Attorneys' Eyes Only" shall remain so designated whether or not so designated at deposition. Similarly all testimony related to a document so marked shall

EMPLOY\896176.1

also be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" whether or not so designated at deposition.

12. To the extent that any transcripts of deposition testimony or exhibits, answers to interrogatories, documents produced in response to discovery, documents authenticated pursuant to requests for admissions, or other papers to be filed with the Court, incorporate any "Confidential" or "Confidential – Attorneys' Eyes Only" information, those documents shall be filed under seal pursuant to the terms of Order. Any party who wishes to file any documents, testimony, material or information subject to this order shall take all steps necessary to ensure that said material, documentation, testimony or information is filed under appropriate seal with the Court. Procedures for filing any records or documents under seal shall be pursuant to D.C.COLO.LCivR 7.2 .

13. Production of any document or information without a designation as provided herein will not be deemed to waive a later claim as to its confidential nature or stop the designating party from re-designating a document or information as "Confidential" or "Confidential – Attorneys' Eyes Only" at a later date. For the purposes of this Order, any document or information that is subsequently designated shall be "Re-designated Material." Any party may make this designation by sending written notice of the designation to counsel for the party to whom or from whom such documents or testimony was produced. Any counsel receiving this notice shall designate all such documents or testimony in accordance with the notice by the designating party. Disclosure of such a document or information by any party prior to such later re-designation shall not be deemed a violation of this Order; provided, however, that the party that disclosed the Re-designated Material shall promptly use reasonable efforts to

procure all copies of such previously disclosed Re-designated Material from any persons known to have possession of any such previously disclosed Re-designated Material who are not entitled to receipt under the new designation under Paragraphs 2 or 3 above.

14. The Parties recognize that the relevance of and counsels' access to certain current and former employee files may become a particular point of contention in this case. The Parties agree that, to the extent employee files are produced, such files, any documents contained therein, and any related documents concerning Defendants' present or former employees shall be considered "Confidential-Attorney's Eyes Only" whether labeled as such or not.

15. Nothing in this Order shall be construed as a waiver of any party's right to object on any grounds whatsoever to any requests for discovery or as an agreement by the parties to produce any documents or to supply any information. Additionally, none of the provisions of this Order are intended to abrogate the right of either Party to make [file], or preclude the Court's jurisdiction to rule upon, any Motions to Compel production of records, regardless of designation. [pursuant to MJ Mix's discovery procedures] [km]

16. Treatment of the foregoing documents and testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" shall continue until further order of the Court. Upon final termination of this action, including all appeals, and at the request of a party, the opposing party and his, her or its counsel shall destroy or return to the requesting party all "Confidential" or "Confidential – Attorneys' Eyes Only" documents produced by the requesting party, including any copies, extracts or summaries thereof or documents containing information taken there from, but excluding any material which, in the judgment of counsel, are attorney work product materials. This order shall not prevent the use, at trial or in any motion, of the foregoing

confidential information, which shall be appropriately identified and sealed. Nothing contained in this Order shall serve to preclude any party from seeking a further order limiting or broadening dissemination or access to confidential information and the parties specifically reserve their right to request the Court to alter the terms of this Order for purposes of trial of this matter.

17. All parties, their counsel and other agents, and all those acting in concert with them, are enjoined from the use of said "Confidential" or "Confidential – Attorneys' Eyes Only" information in any manner not expressly permitted by this order or as ordered by the Court.

18. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to his or her client during the course of this action, relying generally on his or her examination of items designated as "Confidential" or "Confidential – Attorneys' Eyes Only."

19. If any party is notified of a subpoena, request for production, or other court process requiring production of "Confidential" or "Confidential – Attorneys' Eyes Only" documents and/or information, that party will promptly provide the designating party with a notice of the subpoena or other request. The designating party may seek to quash the subpoena, limit the subpoena or otherwise oppose the production if, it deems such action appropriate. The party to whom the subpoena has been directed shall not produce responsive documents prior to the date of production specified in the subpoena. If the designating party has sought judicial relief, the party to whom the subpoena has been directed shall not produce documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" until the Court has entered a ruling and shall, thereafter, produce documents only in accordance with such ruling. Nothing herein shall

prevent a party to whom a subpoena has been directed from responding to the subpoena as required by law.

Dated this 5th day of July, 2012.

BY THE COURT:

_____

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

9

EMPLOY\896176.1